## In re SINK.

District Court, W. D. Virginia. July 13, 1928.

1. **Bankruptcy** ⬤➾3—Bankruptcy statute, to be "uniform," within constitutional provision, must apply to all bankruptcies (Const. art. I, § 8, cl. 4).

Bankruptcy statute, to be "uniform," within meaning of Const. art. 1, § 8, cl. 4, must apply to all bankruptcies.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Uniform.]

2. **Bankruptcy** ⬤➾3—Act of Congress authorizing certain District Court to permit certain bankrupt to file petition for discharge within specified time violates constitutional provison authorizing Congress to establish uniform bankruptcy laws (Const. art. I, § 8, cl. 4; Sp. Act. Cong. Feb. 25, 1928).

Special act of Congress enacted February 25, 1928, authorizing District Court for Western District of Virginia to permit certain bankrupt, who had not filed application for discharge within 18 months, to file application for discharge in bankruptcy within 6 months from approval of act, *held* to violate Const. art. 1, § 8, cl. 4, authorizing Congress to establish uniform laws on subject of bankruptcy.

In Bankruptcy. J. L. Sink was adjudicated a voluntary bankrupt, but did not file a petition for a discharge within 18 months. A special act of Congress was enacted, authorizing the bankrupt to file a petition for a discharge within 6 months from the approval of the act, and the bankrupt filed a petition for discharge under that act. Judgment in accordance with the opinion.

Davis, Davis & Davis, of Rocky Mount, Va., for bankrupt.

R. Q. Mosby, Poindexter & Poindexter, and P. H. Aylett, all of Roanoke, Va., for creditors.

McDOWELL, District Judge. On August 27, 1926, J. L. Sink was by this court adjudicated a voluntary bankrupt. He did not, as is required by section 14a of the Bankrupt Act (11 USCA § 32[a]), during the next succeeding 18 months file a petition for discharge. On February 25, 1928, a special act of Congress was enacted, the body of which reads as follows:

"That the United States District Court for the Western District of Virginia is hereby authorized and empowered to permit J. L. Sink, a bankrupt, to file an application for a discharge in bankruptcy in said court at any time within six months from the approval of this act: Provided, that it shall be made to appear to the judge of said court that said bankrupt was unavoidably prevented from filing an application within the time limit fixed by the general laws on bankruptcy: Provided further, that said application shall be heard and determined according to said bankruptcy laws."

Acting under this statute, the bankrupt on March 1, 1928, filed a petition for discharge. By an order made on March 2, 1928, the 18th of April was fixed for the hearing on the petition. On that day some of the scheduled creditors of the bankrupt entered appearance in opposition to discharge, and on April 27th filed a specification of objections. In this document the objecting creditors specify as their only ground of objection to discharge that the Act of February 25, 1928, is unconstitutional. It may be a fact that the bankrupt shows on the face of his petition for discharge that he could not make the proof required of him by the special act. But the creditors have, I think, lost the right to rely on any ground of objection, except the invalidity of the special statute.

By its terms this statute applies in only one federal judicial district. The purpose of the statute is to so amend section 14a of the general Bankrupt Act as to give the United States District Court for the Western District of Virginia a power, in respect to one particular bankruptcy case, which has not been given to the federal District Courts of the other federal judicial districts.

[1] Article 1, § 8, cl. 4, of the federal Constitution provides that Congress shall have the power to establish uniform laws on the subject of bankruptcies throughout the United States. A power to enact laws on the subject of "bankruptcies" does not literally include the power to enact laws relating to a single bankruptcy. And that it was not the intention of the provision in question to give Congress power to so legislate, is clearly shown by the use of the word "uniform." In order that a bankruptcy statute shall be uniform it must apply to all bankruptcies. And a statute which applies to only one bankruptcy is as far from being uniform as is possible. It may further be said that every possible reason for using the two words in question is frustrated by a statute relating only to an individual bankruptcy.

It is true that the statute does not undertake to govern the entire subject of even one bankruptcy. But this fact does not prevent the statute from being a law on the subject of bankruptcy. A general and uniform statute, which deals with and in terms governs one material feature of bankruptcies, must, ex vi termini, be both literally and in intent a law on the subject of bankruptcies. And,

if so, a law which undertakes to govern such feature of a single bankruptcy must be a law on the subject of bankruptcy, And the purpose in view in requiring uniformity would be defeated (by mere literalness) unless the Constitution be construed as forbidding laws governing one material feature of a single bankruptcy as well as laws governing the entire subject of a single bankruptcy.

[2] It has frequently been held that the Constitution requires geographical and not personal uniformity. Hanover Nat. Bank v. Moyses, 186 U. S. 181, 188, 189–190, 22 S. Ct. 857 (46 L. Ed. 1113); Stellwagen v. Clum, 245 U. S. 605, 613, 38 S. Ct. 215 (62 L. Ed. 507); Darling v. Berry (C. C.) 13 F. 659, 667. But the lack of uniformity in the special statute here in question does not arise from recognition of any difference between the laws of Virginia and those of some other states. It arises from an express grant to the federal trial court of only one of the many federal judicial districts of a power to grant to a single bankrupt a discharge in bankruptcy, which power is not given to the federal trial court of any other judicial district. In every sense this statute violates the provision requiring geographical uniformity. A statute undertaking to authorize this court alone to discharge all bankrupts who file petitions within two years after adjudication would violate the uniformity provision, and the fact that the statute in question applies only to a single bankrupt merely accentuates the violation.

The ground of invalidity relied on in the brief for the objecting creditors is that the statute in question denies due process to the scheduled creditors of the bankrupt. I think it unnecessary that I form an opinion as to this contention.